IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LEE SYNTELL KELLEY,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CIVIL CASE NO.: 6:21-cv-27<br>Criminal Case No.: 6:20-cr-1 |

**O R D E R**

Presently before the Court is Petitioner Lee Syntell Kelley's "Petition and/or Motion to Reopen 'Habeas Judgment/Proceedings' Pursuant to Fed. R. Civ. P. 60(b)(6)." (Doc. 1284.)[1] For the below reasons, the Court **DISMISSES** his Motion, (doc. 1284), and **GRANTS** the Government's Motion to Dismiss, (doc. 1285).

On October 22, 2021, the Court adopted the Report and Recommendation of the United States Magistrate Judge and dismissed Kelley's Motion, filed pursuant 28 U.S.C. § 2255, to set aside his conviction and sentence. (Doc. 1171.) The Magistrate Judge explained in detail that Kelley failed to establish that his trial counsel's performance was ineffective and that Kelley's prior conviction for the sale of cocaine warranting his designation as a career offender under the United States Sentencing Guidelines fell within the fifteen-year timeframe established by U.S.S.G. § 4A1.2(e)(1). (Doc. 1149.) Well over a year after the Court's Order dismissing his Section 2255 Motion, he filed the instant Motion for Reconsideration contending that his Guidelines career offender designation is invalid due to Eleventh Circuit's recent decision in United States v. Dupree,

---

[1] All records citations herein are to the docket in Kelley's criminal case.

57 F.4th 1269 (11th Cir. 2023).  (Doc. 1284.)

Kelley's Motion for Reconsideration does not actually take issue with any of the Court's rulings on his prior arguments.  While his first Section 2255 Motion raised claims of ineffective assistance of counsel and the temporal range of his prior convictions, he makes no mention of those arguments in his current Motion.  Thus, nothing in his recent Motion causes the Court to question the substantive or procedural correctness of its prior decision.

In essence, Kelley's Motion is not a Rule 60(b) motion to reconsider but rather a successive Section 2255 Motion.  See Gonzalez v. Sec'y for Dep't of Corrs., 366 F.3d 1253, 1260 (11th Cir. 2004) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack.").  As the United States Supreme Court explained in Gonzalez v. Crosby, 545 U.S. 524, 530—31 (2005), a habeas petitioner's motion for reconsideration that contains one or more claims, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."  The Court explained that motions for reconsideration "that contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim" are among those that must be treated as a successive petition.  Gonzalez, 545 U.S. at 531.[2]

Kelley patently contends that Dupree constitutes a "material change in the law" that warrants reopening his case and vacating his sentence. (Doc. 1284, p. 2.)  Thus, his Motion, however labeled, must be considered a successive Section 2255 motion.  Before filing that Motion, Kelley must first file an application with the appropriate court of appeals for an order authorizing

---

[2]  Otherwise, "a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"  Gonzalez, 545 U.S. at 531—32.

the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); <u>In re Anderson</u>, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. <u>Carter v. United States</u>, 405 F. App'x 409, 410 (11th Cir. 2010). Kelley did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over his putative Section 2255 Motion. <u>United States v. Florence</u>, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive Section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion).

Because Kelley has not received permission from the Eleventh Circuit to file what is in essence a second Section 2255 Motion, the Court **DISMISSES** his Motion, (doc. 1284), and **GRANTS** the Government's Motion to Dismiss, (doc. 1285).

**SO ORDERED**, this 30th day of June, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA